all righty why don't we move to our last case of the day Greenberg vs. Lehocky number 22-1733 and if counsel would be would please focus on what is a substantial issue in this case and that being standing you know you can make your other arguments as well but I want to be sure that you perhaps start with that threshold issue so thank you counsel we'll hear from you if I could reserve five minutes for rebuttal that would be granted and thank you it may please the court my name is Lisa Blatt and I represent the disciplinary board of the Supreme Court of Pennsylvania over three decades ago attorney ethic rules started banning harassment discrimination and nearly 100 such rules exist today from 40 states the District of Columbia three US territories judicial codes in 46 states and in all federal courts yet the court below facially struck Pennsylvania's harassment discrimination rule on both First Amendment and vagueness grounds this court should reverse for a lack of standing or alternatively on the merits when I look at all of the and it was in all of the states and territories that have enacted it they're quite different and the the question here is why I mean I assume you probably your firm probably wasn't even brought in until after the court's decision in the district court or is that correct or that's correct it is to to deal with standing and not have someone have standing it would appear that some of these provisions are significantly more protective than others and then the question becomes is is Pennsylvania's as protective as for example Maine or New Hampshire how do you respond to that well in terms of I'm not sure which direction so 40 states ban it either through harassment discrimination they have slightly different definitions standards as to intentionality Pennsylvania unlike 17 states requires intentionality the ABA's rule does not 29 states don't have a pervasive or severe requirement which the other side focuses on we rely a lot on the 46 judicial canons and the rule that applies in this court as well that are much broader than Pennsylvania's rule and those apply to lawyers either subject to the judge's control or proceedings before the court so out of the hundred that we have I would say there's a spectrum Pennsylvania being quite you know generous towards attorney speech what they rely on is the application outside client representation and a operation of law office and we cite 20 states that go beyond client representation and then 37 judicial canons go beyond the judge's official capacity and apply to any kind of manifestation of bias when they're in a supermarket so again there's just a massive amount of attorney regulation in this area that started in 1990 and the focus seems to center here on the CLEs yeah the bench bar conferences the attorney conferences yeah it's correct and I'm happy to just circle back to standing but what's the policy behind those sure I'll take the easy one first just because the other side inexplicably concedes I don't know why they're challenging it that the rule applies with full force and effect to judicial conferences but then says somehow bench and bar conferences are different and a lawyer is a lawyer when he attends either your conference or or a bench bar conference where you're and so it is completely a mystery how one could be unconstitutional and yet the other couldn't as CLEs think that's also an easy case because there is no question that attorneys can be compelled to attend CLE required CLE classes or courses on how to behave ethically including how not to harass and discriminate against people and it would seem pretty logical that they can require attorneys to act ethically and including without harassing specific people or discriminating against people CLEs are mandatory and again I hate to break that I mean I know you're gonna ask him this but CLEs are 0.04 of what lawyers do and they brought a facial challenge this rule was struck in its entirety when 99.4 percent of the rule is conceded to meet any standard of CLEs and I think the Fifth Circuit's McDonald case just court just had a case on compelled speech at CLEs and that case was quite extensive on how the First Amendment applies in attorney regulation and I just think the same the same I'm getting a facial expression that suggests plaintiff contends that he is his speech is chilled and gives examples as to complaints that were lodged either personally or maybe with other organizations tell us how the Farrell Declaration with which is non-binding correct how that works and whether or not it provides the kind of protection yeah at the plaintiff wants so there are two arguments on standing and the Farrell Declaration goes to the that there is an arguable violation and he does not allege that his CLE presentations arguably will violate the rule he does not allege that he arguably wants to harass or discriminate against anyone now the second clear counsel yeah we don't need to worry about the first complaint right just the amended complaint correct okay so and on the second one which goes to whether there's a credible threat or prosecution and an objective basis to be chilled he doesn't have it for three reasons the first of which is the Farrell Declaration that says your plan CLE speeches are fine the second reason is the way the if there are complaints they do not meritless and frivolous complaints do not lead to any enforcement action the complaints are just dismissed and the third which I think is very compelling is that we have a hundred hundred such rules that have been around since 1990 and they cannot cite one not one example of any attorney who's been disciplined under these rules for pure ideological or controversial speech so you have a 30-year track record and that's just not an objective basis to be chilled given the statement from the disciplinary board should they change their mind at some point in the future would some form of estoppel apply yeah but I would just do process you have to have adequate notice before you're disciplined and so unless you know if there was a discipline you'd have to have some sort of notice the ABA also has a formal opinion on the same subject 493 and that says pretty in detail that you know expressions of ideology even pretty extreme and controversial statements just don't count as harassment against a particular people much less knowing so either you would have judicial estoppel or it would seem to me how could in this due process you have he's been told this will not violate this doesn't violate the rule so the fear of being chilled is objection only objectively unreasonable it's frivolous or frivolous yeah I mean I agree that there's cancel culture people are gonna complain we had that we've had problems with people complaining for decades but we've also had rules starting in 1990 and starting in 1790 with the Supreme Court on conduct yourself uprightly and you don't see attorneys the one example they gave of somebody who went crazy on social media after George Floyd died that first our rule doesn't apply to social media but that person was disciplined under South Carolina's rule which is bring the bar into disrepute that is a very sweeping statement so I mean you're very quite aware of attorney rules and judicial rules that are quite sweeping and have been and they you know this gets a little bit into the vagueness but the First Amendment and burden to we've all operated under the assumption that there's settled usage and a core on what constitutes inappropriate behavior by attorneys you mentioned the judicial rules certainly they are strong proscriptions against harassment and discrimination in the judicial rules oh yeah they're but those apply to attorneys too but they are quite sweeping including demeanings you know attempted humor demeaning nicknames facial body body movements that could appear biased and again no no known cases of discipline under anything remotely like I mean I'm happy to talk about Citizens United and Mattel and in quote from opinions here and I don't think DC or Pennsylvania is going to disbar me or discipline me but his statements of he wants to talk about due process rights of people accused of sexual misconduct he wants to talk about Citizens United he wants to I don't know what else was up that's great those are not you know issues of the day and ABA says that's fine the Farrell Declaration says that's fine and the rule on its face as it requires knowing harassment and I just don't you know I don't see how there's he doesn't even argue that this is arguably harassment so he just doesn't his only argument is that a listener might be offended but the rule just doesn't turn on listener complaints or any kind of hecklers veto I know that that did the rule for 8.4 G requires that the harassment be targeted at another individual one of the amicus briefs points out statements such as Korematsu quote Korematsu versus United States was correctly decided in that during times of war the president should be able to exclude individuals based on their ethnicity wouldn't statements like this make an individual feel degraded based on their protected trait I don't know but I don't think the rule cares I mean that's the whole point is that I mean in the Supreme Court I think in the 1957 schwer case talked about I mean it's a due process it's a due process case but that guy was a communist he was members and others first of organizations did all kinds of political agitating was arrested and the court said you know it has to be the bottom line and the key here is it has to be related to fitness to practice law and a view even if you're racist does not disbar you or disable you from the ability to practice law and if it's not tied to fitness the state can't discipline you there's no constitutional authority to do so the thing that targeting an individual sorry targeting no I think they interpret it to mean a specific person so you might have some situation where I guess if the person's right in front of you and you go on and on and on and on and on and start making it to a harassing abusive situation but again we've got 30 years of I I think there are more people who commented on and more controversial cases than I mean there's lots of there's lots of hot topics right now where we all have strong opinions you're not allowed to discipline somebody for their opinions it has to do with fitness to practice law if I could go over from standing to to the merits if I may assume for the you contest that vigorously the you had a prior 8.4 G and PA that was in 2019 Pennsylvania in 2019 and I guess was went into effect in late 2020 and that talked about adopting other provisions and statutes like title 7 and that talks those basically talked about pervasive and severe but the new provision in 2021 doesn't have that in there that's correct the does that mean that pervasive and severe is you can be disciplined for something that's not pervasive and severe well yeah so get that just a fun of that and said that's vague so it got taken out and now he's you know so it's he can't win but on your point specifically one of their Meeki does harp on this and gives these atrocious examples and says here are all these horrible things that people have said that don't constitute severe and pervasive and you don't want lawyers saying that much less judges but in terms of your judicial ethics and all 46 46 states there is no severe pervasive requirement period now that doesn't mean severe pervasiveness is not relevant both with the discipline and whether there's a violation and the preamble to the rule says seriousness and repeated conduct are you know governing criteria so and also that the Snyder case is another Supreme Court case where the lawyer refused to apologize to the judge the judge kept saying you got to apologize and the lawyer refused to and the courts like we're not going to discipline this guy now and the Supreme Court took that so there's a common-sense element to this but yeah you don't want to put they didn't want to adopt title 7 because this is not this courtroom is not a workplace and so there's just different rules that apply to me that apply to a supervisor in a factory so if you're mr. Greenberg and you're saying wait a minute the the revised 8.4 G doesn't necessarily have pervasive and severe included within it right now it does include CLE which is where I really want to spend most of my time and make most of my comments and there's no carve out as some other states have for policy positions and religious positions I'm really I'm really worried that mr. Farrell Farrell is not there and they're going to come after me and you know God forbid I don't want to go out to Stanford and give a speech because they're really going to come after me and so what do we do about that type of situation well he brought a facial challenge so he's got a problem so he facial challenge we also I think his complaint said made an as-applied challenge to did it not and that wasn't dealt with by the district court I wasn't aware of that but the court struck it in its entirety but as to CLE if the other side can clarify but 29 states judicial codes 46 and all federal codes codes do not have a severe pervasive requirement so I don't understand the difference between a CLE talk and a lunchroom break at a deposition or a client negotiation or a mediation conference at Starbucks I'm having I mean I'm just having a hard time with something magical about a CLE where you're talking about ethics training and how to do wills and estates but yet if you're pitching for a client for a will in a state all of a sudden it's okay and it satisfies strict scrutiny and you can have viewpoint discrimination till the cows come home but once you step into a CLE it becomes the marketplace of ideas like a football field it's a CLE it's mandatory and they're saying you can't put you  people it pardon my indignation but it's not that much to ask especially when federal courts have had this since 1992 states have had it since 1990 Supreme Court's had it since 1790 you know the concern is somebody's going to make a comment that similar to what mr. Shapiro said I don't believe this particular person is as qualified as another person for the Supreme Court and the place goes nuts yeah and so what so that the the example in the ABA one is pretty bad too it's saying if you can't get in because of your qualifications go to a lesser school that's that's not in any way subject to discipline so Ilya Shapiro who said that on social media you know good for him not good for him that I endorse the statement but I mean I just but people have to you know act like adults when it comes to is he fit to practice law he's obviously fit to practice law and so no statements like that are not subject to discipline and if they were I mean that you'd have a super serious First Amendment due process objection and again they haven't I guarantee Ilya Shapiro is not the person who said something he shouldn't have said wait for rebuttal I think we're set thank you we'll see you in rebuttal may it please the court Adam Shulman for a Pele Zachary Greenberg and I have with me at council table or mr. Greenberg and my co-counsel Theodore Frank welcome and please direct me where you think I can be most helpful clarify whether the complaint filed in the district court did mentioned as applied challenge it did that wasn't dealt with by the court that's right ja 184 is the amended complaint raising the actual challenge if you could start withstanding that would be helpful absolutely and I think what you're hearing from the other side is that they're asking this court to roll back this court's line of cases from Dijon from sacks from Macaulay and instead apply the Fourth Circuit's in Abbott which is an outlier in itself in other circuits right you've got the Fifth Circuit's Fenves you've got the 11th Circuit's Cartwright decision these these cases all stand for the proposition that if you're objectively reasonably chilled which the district court found on the undisputed record you've made that point four or five times the test is what the treehouse test from 2014 Supreme Court yes this isn't be so pre-enforcement challenges right have essentially two things that have to be met it's arguably prescribed by the rule and the speaker faces a credible threat of prosecution based on what we have currently before us I have great difficulty thinking that there's any threat of prosecution in light of the declaration of mr. Farrell or or anything else that I've seen here so from a large if you look at it from the bigger perspective that declaration was filed during the middle of the suit that was filed after Pennsylvania lost the preliminary injunction stage after they amended the rule after we filed the complaint at the time that we at the inception of the case there's a stipulated fact docket 21 that nobody within ODC or any of the board members that's Office of Disciplinary Counsel has taken on a position on whether my client's speech violated 8.4 G or not that's a stipulated fact at the outset of the case now they want to to you know retcon essentially from a declaration that occurred mid suit that's there's no case that supports that but let's go back even further and let's let's take a look at what he actually put into the complaint okay he says that if he has a detailed some summation of the law in a particular area such as the Mattel case or Snyder v Phelps or papish or damn broad or damn bro to if he believes opposing hate speech bans regulations is a controversial position that some people might view as manifesting some hostility he believes that supporting due process protection for students accused of sexual misconduct is a very controversial position and he might make that in a CLE the comment a CLE program or even worse on a college campus but but he where if one is talking about the cases that exist and is making commentary perhaps on those cases what is what is so incendiary at this point based on the complaint right not necessarily on what somebody else may see later on later on I can go all the way through all from section 82 to 101 on JA 158 to 162 and I don't see anything that's would be incendiary at all well there's certain examples with it I think it's within 158 to 162 of dust verbalization of the epithets that are in those cases were enough to register complaints and incur discipline in certain cases when professors did that in an academic setting which is what CLE is under the Pennsylvania rules of continuing legal education CLEs are an academic venue courses of practical and intellectual content that are required right they are required in that argument would prove too much because under that authority it's also required to be an attorney to graduate from an accredited law school so as the defendant saying that it has the power to impose viewpoint discriminate discriminatory rules in a college in a university classroom they would be if that's the if that's the criteria and I would point and this was in the briefs below I apologize if it wasn't clear enough in this brief but in the metal case it dealt with specifically the issue of the defendants so that case dealt with the trademark non disparagement clause in the in trademark law and the defendant was making an argument that that talking generally the the case involved the band that used the name slants and and the defendants argument was that that group that doesn't disparage any persons that's talking about a group and the Supreme Court rejected that very explicitly it's 1756 I want to read just a sentence from that a mark that disparages a substantial percentage of the members of a racial or ethnic group necessarily disparages many persons namely members of that group Tams argument would fail even if the clause used the singular person which is exactly what Pennsylvania's 8.4 G depth the definition of harassment does they ask you to roll back to just the the feral declaration you're making what you made one of your arguments was more procedural that that shouldn't be considered at all if we do consider it how should we consider it as a matter of mootness just as the district court suggested as a as a change mid suit litigation and change of posture if we consider it so if you consider it on the merits they mean the narrowing constructions well I mean what he said you know there's no conduct that would violate the rule we're not gonna we're right and it's not binding as your honors have noted this is it's a it's a litigation position right it's that they they we asked them in it's in I think it's around to 290 their discovery responses we asked them what process do you have for revising that there is no set process we're rising well in our in our Stratton case that you that you cite right it's a 1991 case it was not a disciplinary chair like like Farrell saying we won't prosecute this we accepted it I mean shouldn't we do that here assuming that we you know we get through the procedural well I'm not clear as to all the particulars here we've sued 13 defendants one of them has made a statement the others well he's a pretty important one oh we would acknowledge that but there was briefing below and I think I think the defendants put it into this like the trigger guy that brings the complaint right but there are the board members have the power in the duty to assess violations at even if the OTC dismisses them and we won that argument they didn't raise it on appeal they forfeited that point but when you look at in addition to what he his declaration says that seven out of eight complaints are discarded pretty much at the get-go it looks like you've an office of disciplinary counsel that is doing his job in a way that doesn't portend any type of harm coming to mr. Greenberg based on what he is alleged in his complaint so there's no there's no detail on those complaints right or those complaints from reputable complainants like the examples that we provided in the complaint reputable groups reputable individuals professors complaining about harassment from speech of the sort that my client wishes to engage in well let me put it another way clapper says that a subjective chill or a speculative fear isn't enough what in the complaint goes beyond subjective chill so there's a few things the the several people that have approached my client to tell him that his specific presentations were offensive and hostile toward them at CIA after CLEs and two of them admittedly were non CLE speeches but similar types of audiences combined with the tens of examples of attorneys legal speakers judges speaking at events who were visited with complaints for taking absolutist First Amendment positions we put in record evidence and this is it's on the docket that nearly it was a survey from the Cato Institute half of the people surveyed thought that defending the right to engage in racist speech was as bad as the racist speech itself I mean I think you know I think that that's enough of a showing that there's a reason of objectively reasonable chilling effect even in the cases and and and I don't know that they contested this really but the district court found that there was an objectively reasonable chill from the admitted process that they go through even receiving a complaint that would be dismissed because they reach out to the attorney and ask them for certain things before that happens on occasion and that's in the record as well your adversary pointed out that over 99% of the applications of this rule are going to be fine could you deal with that argument sure a couple of things to say about that first it's a viewpoint discriminatory rule they don't contest that so under you know Iancu you don't even need to get to the overbreath question that means that all the applications are invalid because it's a viewpoint discriminatory rule even if a not a viewpoint neutral rule could cover some of the applications right it could be prescribed so that's the first thing I'd say the second thing is you you I think for the overbreath analysis you look you don't can sit you don't add into the denominator things that are already prescribed based on current law if that was the case you could never have an overbreath challenge because they could just incorporate the the corpus of a law that exists at the time and add something no how no matter how frequently unconstitutional it is so you look at what the marginal difference is here that marginal difference is outside the practice of law at CLEs, bench bar conferences, bar association events and I think that's the right way to that's the right way under SACs to conduct the overbreath analysis you look at the limitation of the authority and compare the rule to whether it expands beyond that and I the analogy to SACs they resist that very heavily but under the Pennsylvania rules of CLE you know CLEs are courses of intellectual and practical content that's why actual law school courses automatically qualify for credit and viewpoint based restrictions in that venue are no more compatible than the with the First Amendment than they were on college students like Macaulay or John or even secondary school students like SACs. Well didn't your adversary cite a lot of law that that attorney First Amendment rights within the profession and practice are more or more limited than perhaps other the attorney outside the profession? Absolutely but what I heard from from opposing counsel is that this law is regulating lawyer as lawyer it's not regulating lawyer as practitioner of law it's regulating the person not the calling and so NIFLA sets the boundaries right that there's two generally speaking lawyers have equivalent rights except for the two exception categories when you're incidental to the practice of law in all the statutes they say the hundred statutes you know 8.4 G only goes back a few years so it's not 30 years as they said but all those statutes we distinguish as Judge Ambrose noted they can be distinguished these are all in the in a course of a representation of a client in a legal proceeding where there's prejudice to the administration of justice. If CLE is required by a state bar and some of these statements by Mr. Greenberg might be would be made in the context of a CLE or at a bar conference why should they not be in effect related to the practice of law? Again I would say that that argument would suggest that they then have the context of a law school classroom we think that's obviously wrong that's why they resist it so fiercely in their brief the analogy but if that's the argument the mandatory nature to become an attorney you have to go to an accredited law school in the end at least for Pennsylvania attorneys so now and we're not saying there's no jurisdiction to promulgate a rule that's actually speech neutral and content neutral and for example some sort of an equal access rule to CLEs that could certainly be viewed to a speaker who relegated Muslims to the back of the room one of their examples obviously affects the opportunity of that attendee to participate in the CLE. We're in Pennsylvania and we have a test that says there among other things has to be credible threat of prosecution okay in this case with the declaration of Mr. Farrell or Farrell whichever how is there a credible threat of prosecution in this case? So for a challenge to a newly enacted ruler statute there's a presumption that there is a credible threat of enforcement and that standing inquiry is done from the perspective of the outset of the case. What else would he have to say what else what's Pennsylvania have to do to say that we're not coming after Mr. Greenberg? Well to moot it you mean or to deprive him of standing I think it would be a question of mootness at this point so we would need something more than an ad hoc opinion of one defendant that's a litigation position and non-binding there would need to be something categorical about enforcement of the rule which isn't in the Farrell declaration or his responses or an amendment to the rule that actually addressed the problems with it for example New York and they say this in their reply brief that that the only difference is not apply to CLEs that's not true that is not correct New York also has two limiting principles written into its version it says one it clarifies that conduct that a reasonable person would consider as petty slights or trivial inconveniences does not rise to the level of harassment under this rule and two it explicitly states that views on matters of public concern in the context of teaching public speeches continuing legal education programs or other forms of public advocacy or education are protected so something like an amendment like that we wouldn't be here today if that was how the rule was amended but they don't there's not a change to what they had under the initial rule of manifest bias and prejudice they simply removed the definition of harassment and inserted denigrate or show aversion or hostility which actually brought it closer to the problematic statute of metal V TAM the non disparagement clause I wanted to say a few things from their reply brief to all the germane this test the germane this test is from isn't isn't a compelled speech case and it's not a private speech restriction it's from the Keller line of compelled of bar dues government established so this would be a much harder case if it was about the courses that Pennsylvania was establishing in CLEs not the private speech of attorneys at CLEs the they only say the dispositive cases niffler be Bussera which they only cite three times very very cursorily and the reason they do that is that the germane this test is utterly incompatible with what niffler said niffler wouldn't have said if that were the test niffler couldn't have said that there was a requirement to preserve an uninhibited marketplace of ideas in which professionals can freely air a host of good faith disagreements on many topics in their respective fields so that can't be that that can't be the test for this type of speech restriction I'd like to ask a question about the Farrell declaration as well the Supreme Court on a number of occasions in cases like this has said have cited the fact that there was no declaration of non-prosecution and this affected their view on standing why shouldn't we look at it in the same way that the Supreme Court has and give more weight to the Farrell declaration that you think is appropriate some of those Kate this wasn't a promise of non-prosecution categorically number one what the Supreme the Supreme Court has said that the so they did mention that as one factor in SBA less when they're talking about standing but if you look at already be Nike that sort of mid suit disavowal as looked at as a question of mootness where there's a heavy even formidable book the quote from this case is having even formidable burden of show on the defendants to show mootness that's from Dijon I believe and so that the district court correctly analyzed it as a matter of mootness it was it did go back and reassessed it can confirm its conclusion on standing but the Farrell declaration it as a midsuit development is properly analyzed as a matter of mootness and not standing the state again the standing this there was a stipulated fact at the time of the inception of the case that there was no opinion from OTC on whether my client's speech would violate or not 8.4 G and without such an opinion then the the assumption of a credible threat or is in full in full effect and and there's so a good case to look at and it's out of circuit the Fenves case from the Fifth Circuit you had sort of a declaration submitted by an enforcement officer saying we respect the First Amendment rights of speakers and it did prevent them from reaching the merits there obviously and so that's what I would if you're thinking of other cases besides SBA list I'm happy to address them I think that's the the one that you might be referring to from the Supreme Court okay thank you counsel we'll hear rebuttal thank you so you were correct on 179 paragraph 134 there is the statement about as applied to CLEs but the request for relief on JA 81 says please facially strike the rule in total so the relief requested was a complete invalidation of the rule which is what he thought on sort of standing the only thing I heard him say was verbal epithets can be very offensive and he then said slant he didn't seem too chilled and saying that I just said it I wasn't chilled it's hard to see how if this is that's what that's what mr. Greenberg wants to do is say those kinds of things it would be one thing if the Farrell declaration said oh yeah that arguably violates the rule which he doesn't even allege and yeah you could go it both ways but don't worry we won't prosecute but this is a statement that reflects common sense that listener reactions not what's controlling it's knowing the ABA has issued a formal opinion on it and he doesn't even argue that this is sort of some sort of knowing or arguably knowing the notion that he could be disciplined after I've stood up in a federal court the third circuit I can't even imagine what a court would do if they changed their mind and said oh mr. Greenberg sorry that statement to slant was really offensive and we're gonna discipline you would be an example of something that you believe would clearly be harassment or discrimination in connection with a CLE program Oh the examples we gave in the brief I mean you got to put some stuff up on the wall and be pretty you know and certainly the back of the room discrimination is much easier it takes a I mean those examples in our brief those are examples that happen in an office setting that happen and I don't understand the CLE I've delivered CLEs it's not that much different than doing a deposition or witness interview you go to a building you present on the Supreme Court or whatever you present on people ask questions nice to meet you goodbye I don't understand that's any different than talking to a court reporter or having a witness interview you know you lawyers have to get out and interact with people every day and I think in their view once the I don't even understand this view about it has the sharp client representation because you know once the will is executed then you can harass so I would what would be an example of a matter of policy stated as CLE program that you would find to class you mean if you you'd have to basically you're saying that the New Hampshire rule was implied in Pennsylvania anyway yes absolutely and it's in it's required by the First Amendment because of because of the germaneness test and swear which is a due process case to be sure but it is a case saying ideological has nothing to do with fitness to practice law so your views about you know communism or whatever abortion race that kind of thing affirmative action pronouns all that kind of stuff it's different if there's harassment and again attorneys got to have ample notice before he's disciplined and you can bring always an as-applied challenge but the fact that there's never been an example of an attorney discipline when we had cancel culture for more than just last month there's just never been an example of a bar overreaching so the notion that the court would strike as facially invalid seems a little extreme can I ask you to address your adversaries argument about the Farrell declaration I mean they say that there's a procedural problem that should not be considered at all because there was a stipulation about there would be no opinion can you address that yeah I don't think that I mean I thought we addressed that in that reply brief I I don't understand that I thought the stipulation was something else and it was on the old rule so I'm not sure but I thought I replied brief addressed it but I remember his procedural objection being silly so but if you don't want to consider it you know that's fine but then I would just rely on the fact that the rule requires knowing it's unlike the your rule which says you know reasonably interpreted there's all kinds of rules that look more related to the listener objection this rule doesn't it requires knowing and intentional conduct with respect to a person again the Farrell declaration to me is confirmatory of the ABA and what would be anyway and the germane germane this test on germane this which you know he didn't like in terms of extending beyond we're not relying on the fact that CLE is mandatory it's just ironic that you would say that's a free-for-all where you can abuse people when it's mandatory but that has nothing to do with it it has to do with the fact that you're learning how to practice law it's important for the integrity of the legal profession but the McDonald case by the Fifth Circuit that whole opinion goes very very carefully through how strict scrutiny applies but in the legal profession you satisfy strict scrutiny when it's tied to improving the quality of legal services and regulating the legal profession if if we do get to the merits in this case is the not substantially overbroad for a facial challenge is that the way to decide this issue yes I mean the vagueness is written as you have you know it all has to be all its applications which seems kind of extreme but the and I know the Supreme Court just had the Hansen case but it has to be a substantial with respect to its legitimate sweep his answer on why you would include the only the new stuff was somewhat incoherent there is no current rule that bans harassment discrimination outside of pending proceeding so but I know of no case law that says you look at the new rules scope or zone of impact and I mean that that was gobbledygook it's the there's a million Supreme Court cases on what a facial overbreath is and when you say it requires strict scrutiny but the government satisfies strict scrutiny in every single application except when I walk into a CLE or a and it satisfies strict scrutiny if it's at the Hilton if the judge sponsors it but if the bar sponsor it it fails strict scrutiny that that violates facial challenge okay thank you counsel we thank counsel for their excellent presentations today and their excellent briefing we read with interest all the different amicus briefs that we received and there were many we'll take the case under advisement as I said and asked that the clerk adjourned court for the day and we'll